UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETT AT BOSTON

KARLA KOVAC,

    Plaintiff,

-v-

                      CIVIL ACTION NO.

STAPLES, INC.,

    MAGISTRATE JUDGE

    Defendant.

**COMPLAINT
AND JURY TRIAL DEMAND**

Jurisdiction

1.    This action arises under the laws of the United States and is brought pursuant to the following: Title 42, §§ 12101 through 12117, of the United States Code, the Americans with Disabilities Act (ADA); Title 29, §§ 2601, et seq. of the United States Code, the Family Medical Leave Act of 1993 (FMLA); and Title VII of the Civil Rights Act of 1964 as amended. Jurisdiction is based upon the existence of questions arising therefrom as more fully appears below.

The Parties

2.    The Plaintiff is a resident of the Commonwealth of Massachusetts.

3.    The Defendant Staples, Inc. (Staples) is a Delaware corporation with a principal place of business located in the Commonwealth of Masssachusetts.

4.    On or about March 30, 2004, the Plaintiff filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination

1

(MCAD). Upon information and belief, the MCAD Charge was also filed with the Equal Employment Opportunity Commission (EEOC).

5. On or about October 2004, the Plaintiff received a Right to Sue letter from the EEOC.

## Background

7. On or about November 23, 1992, the Plaintiff was hired by the Defendant as an Assistant to Growth and Development. On or about February 6th of 1995, the Plaintiff was offered and she accepted the position of Risk Management Coordinator.

8. On or about March 1996 the Plaintiff was employed with the Defendant as a Claims Coordinator in the Risk Management department. The Plaintiff has held that position ever since.

9. The Plaintiff received a performance evaluation for the period of February 1, 2000 through January 31, 2001. She received a score of 2.26, which falls between "good" and "very good." That review was approved on March 12, 2001.

10. The Plaintiff received a performance evaluation for the period of February 1, 2001 through January 31, 2002. She received a score of 3.404, which falls between "very good" and "excellent." That review was approved on March 11, 2002.

11. The Plaintiff received a performance evaluation for the period of February 1, 2002 through January 31, 2003. She received a score of 2.252,

which falls between "good" and "very good." That review was approved on March 7, 2003. At no time prior to December 8, 2003 did she ever receive any indication that there was any issue with her job performance.

12. On May 21, 2003 the Plaintiff informed the Defendant, specifically, her direct supervisor Deborah Harder that she was pregnant with her first child.

13. On August 18, 2003, at the request of her doctor, the Plaintiff went out on short-term disability until the birth of my child because she was having complications related to the pregnancy. Specifically, she was experiencing preterm contractions.

14. On October 11, 2003, the Plaintiff gave birth to a baby boy.

15. The Plaintiff returned from her maternity leave on December 8, 2003.

16. Immediately upon her return to work, the Plaintiff's supervisor informed her that she had somehow contributed or otherwise caused low morale among the staff. She praised the individual who she had hired to fill Plaintiff's position during her absence. This individual is a man.

17. In a memo dated December 11, 2003, three days after her return to work, the Plaintiff was presented with a memorandum, which, according to Plaintiff's supervisor, clarified Plaintiff's role, goals, job expectations, responsibilities and job activities going forward. The Plaintiff did not sign the memorandum because she did not feel the changes to the claims administrator position were clearly outlined and the other bulleted items in the memo had already been part of her current job description and were being fulfilled.

18. During this time, the Plaintiff was very upset. The Plaintiff had had a difficult pregnancy, and had just become a mother. Upon her return to work, she had discovered a very different climate than the one that existed prior to her leave, and many people seemed to resent her because she had taken time off and they had to pick up the slack in Plaintiff's absence.

19. On or about January 15, 2004, Plaintiff's husband, without Plaintiff's knowledge, sent a letter to Ronald Sargent, the president of Staples. The letter effectively expresses his concern at how his wife, the Plaintiff, was being treated at work, and describes what he believes is Staples' mal-treatment of Plaintiff because the Plaintiff took maternity leave and disability leave.

20. On January 21, 2004, during a meeting with Human Resources, this letter was brought to Plaintiff's attention for the first time. When asked about it by Human Resources, she was very surprised. Karen Haber later told the Plaintiff in a meeting with Deborah Harder that they did not believe her that she did not know about the letter. Prior to her return from maternity leave, the Plaintiff's credibility was never questioned by anyone at Staples.

21. Upon information and belief, Human Resources conducted an investigation into the allegations that were mentioned in that letter. However, supervisors, and others who were involved in the investigation did not believe Plaintiff's statements that she knew nothing about the letter. They began to snub the Plaintiff, and treat the Plaintiff even worse because there was an investigation. This only contributed to the hostile work environment the Plaintiff encountered upon her return from extended maternity leave.

22. On March 8, 2004, William Scott Kerrigan, the man who was hired to temporarily fill the Plaintiff's position while she was on leave was hired by Plaintiff's supervisor as a Claims Manager. The Plaintiff is now a subordinate to him.

23. On March 10, 2004 the Plaintiff received a Performance Counseling Record – a/k/a a warning. The warning clearly sets forth reasons for what is claimed to be performance and attitude issues. Yet none of these issues were mentioned at any time prior to the Plaintiff taking leave for my pregnancy.

24. Plaintiff's supervisor, Deborah Harder, specifically mentioned how much she liked Mr. Kerrigan working in the department. In addition, she has mentioned how well others seem to get along with him. At no time was the Plaintiff ever made aware that she was not liked, or that she did not get along with people until after she returned from her extended maternity leave.

25. Plaintiff believes that she is being discriminated against in the terms and conditions of her employment because she required an extended pregnancy leave because of complications, and because of my maternity leave following the birth of her son. She believes that she is going to be terminated because her supervisor prefers the temporary person who filled her position while she was on her leave, which is why he was hired back by the company.

<u>Count 1</u>
<u>(Violations of the Americans with Disabilities Act)</u>

26. Paragraphs 1 through 25 are included in this paragraph 26 as if fully set forth herein.

5

27. The Plaintiff's pregnancy and the complications she endured entitle her to protection as a disabled individual as mandated by the Americans with Disabilities Act.

28. In the alternative, the actions of the Defendant clearly demonstrate that the Plaintiff was regarded as a disabled individual.

29. The actions of the Defendant Staples, Inc., as set forth above, were conducted either because the Plaintiff was disabled, or because she was regarded as disabled, in violation of the Americans with Disabilities Act.

30. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages and benefits, including but not limited to, pay raises that she was entitled to receive.

31. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress, all to her loss and damage.

32. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur attorneys fees and costs in prosecuting this action, all to her loss and damage.

33. The unlawful actions of the Defendant, as aforesaid, were done intentionally, and with a callous and reckless disregard for the Plaintiff's civil rights.

### Count 2
### Violations of the Title VII of the Civil Rights Act of 1964 (Sex Discrimination)

34. Paragraphs 1 through 25 are included in this paragraph 34 as if fully set forth herein.

35. The Plaintiff has suffered a hostile work environment and other mal treatment at her place of employment because she took an extended maternity leave, and because her supervisor expressed a preference for the man that was hired to temporarily take her place. As such, the Defendant's actions, as aforesaid, amount to unlawful discrimination on the basis of Plaintiff's sex.

36. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages and benefits, including but not limited to, pay raises that she was entitled to receive.

37. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress, all to her loss and damage.

38. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur attorney's fees and costs in prosecuting this action, all to her loss and damage.

39. The unlawful actions of the Defendant, as aforesaid, were done intentionally, and with a callous and reckless disregard for the Plaintiff's civil rights.

### Count 3
### Violations of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act
### (Retaliation)

40. Paragraphs 1 through 25 are included in this paragraph 40 as if fully set forth herein.

41. The actions of the Plaintiff's husband, to wit, the complaint to the president of Staples that he believed his wife was the subject of discrimination are considered protected activities under Title VII of the Civil Rights Act of 1964

7

(Sections 704(a) et seq.) as well as the Americans with Disabilities Act (42 U.S.C. Section 12203 et seq.).

42. The actions of the Defendant, specifically, the hostile work environment and her treatment following the Defendant's receipt of that letter were in retaliation for the described protected activity.

43. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages and benefits, including but not limited to, pay raises that she was entitled to receive.

44. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress, all to her loss and damage.

45. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur attorney's fees and costs in prosecuting this action, all to her loss and damage.

46. The unlawful actions of the Defendant, as aforesaid, were done intentionally, and with a callous and reckless disregard for the Plaintiff's civil rights.

### Count 4
### Violations of Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Act of 1978 and the Family Medical Leave Act

47. Paragraphs 1 through 25 are included in this paragraph 47 as if fully set forth herein.

48. The aforementioned adverse employment actions, as aforesaid, were inflicted in this Plaintiff because of and/or in retaliation for her pregnancy and/or because of the medical leave she took because of her pregnancy

complications and thus violate Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Act of 1978 and the Family Medical Leave Act.

49. The actions of the Defendant, specifically, the hostile work environment and her treatment following the Defendant's receipt of that letter were in retaliation for the described protected activity.

50. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages and benefits, including but not limited to, pay raises that she was entitled to receive.

51. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress, all to her loss and damage.

52. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur attorney's fees and costs in prosecuting this action, all to her loss and damage.

53. The unlawful actions of the Defendant, as aforesaid, were done intentionally, and with a callous and reckless disregard for the Plaintiff's civil rights.

Count 5
Violations of Chapter 151B of the Massachusetts General Laws
(Disability Discrimination)

54. Paragraphs 1 through 25 are included in this paragraph 54 as if fully set forth herein.

55. Based on the foregoing, the Plaintiff was disabled under the law and/or regarded as disabled by her employer. The aforementioned adverse

employment actions were inflicted by the Plaintiff on this Defendant because of her disability, or because she was regarded as being disabled.

56. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages and benefits, including but not limited to, pay raises that she was entitled to receive.

57. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress, all to her loss and damage.

58. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur attorney's fees and costs in prosecuting this action, all to her loss and damage.

59. The unlawful actions of the Defendant, as aforesaid, were done intentionally, and with a callous and reckless disregard for the Plaintiff's civil rights.

### Count 6
### Violations of Chapter 151B of the Massachusetts General Laws
### (Sex Discrimination)

60. Paragraphs 1 through 25 are included in this paragraph 60 as if fully set forth herein.

61. The aforementioned adverse employment actions were inflicted in the Plaintiff by the Defendant on the basis of her sex in violation of Chapter 151B of the Massachusetts General Laws.

62. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages and benefits, including but not limited to, pay raises that she was entitled to receive.

63. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress, all to her loss and damage.

64. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur attorney's fees and costs in prosecuting this action, all to her loss and damage.

65. The unlawful actions of the Defendant, as aforesaid, were done intentionally, and with a callous and reckless disregard for the Plaintiff's civil rights.

### Count 5
### Violations of Chapter 151B of the Massachusetts General Laws
### (Retaliation)

66. Paragraph 1 through 25, and paragraph 41 are included in this paragraph 66 as if fully set forth herein.

67. The actions of the Defendant, specifically, the hostile work environment and her treatment following the Defendant's receipt of that letter were in retaliation for the described protected activity.

68. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered lost wages and benefits, including but not limited to, pay raises that she was entitled to receive.

69. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has suffered emotional distress, all to her loss and damage.

70. As a result of the unlawful actions of the Defendant, as aforesaid, the Plaintiff has been forced to incur attorney's fees and costs in prosecuting this action, all to her loss and damage.

71. The unlawful actions of the Defendant, as aforesaid, were done intentionally, and with a callous and reckless disregard for the Plaintiff's civil rights.

**WHEREFORE**, your Plaintiff prays that this Court enter judgment in her favor, and ORDER:

    a. That the Defendant cease and desist all discriminatory activities and actions towards her as aforementioned as well as any other equitable relief to ensure that the Defendant complies with all discrimination laws;

    b. That the Plaintiff be awarded compensatory damages;

    c. That the Plaintiff be awarded punitive damages;

    d. That the Plaintiff be awarded the costs of bringing this action, including but not limited to reasonable attorneys fees; and

    e. Any additional relief that this Court deems equitable, just and proper.

DATED:   November 18, 2004

THE PLAINTIFF,
Karla Kovac,
By her attorney:

William J. McLeod, BBO NO. 560572
McLeod Law Offices, PC
77 Franklin Street
Boston, MA 02110
617-542-2956/phone
617-695-2778/facsimile

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETT AT BOSTON

KARLA KOVAC,

    Plaintiff,

-v-                                          CIVIL ACTION NO.

STAPLES, INC.,

    Defendant.

## JURY TRIAL DEMAND

TO THE CLERK OF THE ABOVE CAPTIONED COURT:  The Plaintiff respectfully requests a jury trial.

Respectfully submitted:

THE PLAINTIFF,
Karla Kovac,
By her attorney:

DATED:    November 18, 2004

William J. McLeod, BBO NO. 560572
McLeod Law Offices, PC
77 Franklin Street
Boston, MA  02110
617-542-2956/phone
617-695-2778/facsimile

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KARLA KOVAC

## DEFENDANTS
STAPLES, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
William J. McLeod, BBO 560572
McLeod Law Offices, PC, 77 Franklin Street
Boston, MA  02110    (617) 542-2956

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☒ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff seeks relief for employment discrimination on the basis of sex, disability, and pregnancy, in violation of Title VII, the ADA (42 USC 12101, et seq.), and other statutes.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 11-18-04

SIGNATURE OF ATTORNEY OF RECORD
William J. McLeod, BBO 560572

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____ Karla Kovac v. Staples, Inc.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   XX    II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

                                                                   *Also complete AO 120 or AO 121
                                                                   for patent, trademark or copyright cases

   ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?    YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)    YES ☐    NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
       YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?    YES ☐    NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).    YES ☐    NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).    YES ☐    NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?    YES ☐    NO ☒
   (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:  YES ☐   NO ☒       OR WESTERN SECTION;   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __William J. McLeod, BBO 560572, McLeod Law Offices, PC__
ADDRESS __77 Franklin Street, Boston, MA  02110__
TELEPHONE NO. __617-542-2956__

(Categfrm.rev - 3/97)