UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KARLA KOVAC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 04-12445-WGY |
| v. ) | |
| ) | |
| STAPLES, INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT AND JURY TRIAL DEMAND

Pursuant to Rules 7, 8 and 12 of the Federal Rules of Civil Procedure, Defendant, Staples, Inc. ("Staples" or "Defendant"), by and through its undersigned attorneys, answers Plaintiff Karla Kovac's ("Plaintiff") Complaint and Jury Trial Demand ("Complaint") as follows:

### JURISDICTION

1. To the extent Paragraph 1 of the Complaint purports to state a legal conclusion, no response is required. To the extent that a response is required, Staples denies the allegations contained in Paragraph 1 of the Complaint.

### THE PARTIES

2. Staples has insufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3. Staples admits the allegations contained in Paragraph 3 of the Complaint.

4. Staples admits that Plaintiff on or about March 30, 2004 filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination. Staples has

insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 4 of the Complaint.

     5.    Staples admits that on or about October 13, 2004, the Equal Employment Opportunity Commission notified Plaintiff of her right to sue, as per her request.  Staples denies the remaining allegations contained in Paragraph 5 of the Complaint.

## BACKGROUND

     7.    [1]Staples admits the allegations contained in Paragraph 7 of the Complaint.

     8.    Staples admits the allegations contained in Paragraph 8 of the Complaint.

     9.    Staples admits that Plaintiff received a performance evaluation for the period of February 1, 2000 through January 31, 2001 and that she received an overall performance appraisal rating of 2.26.  Staples further admits that the evaluation is dated March 12, 2001.  Staples denies the remaining allegations contained in Paragraph 9 of the Complaint.

     10.    Staples admits that Plaintiff received a performance evaluation for the period of February 1, 2001 through January 31, 2002 and that she received an overall performance appraisal rating of 3.404.  Staples further admits that the evaluation is dated March 11, 2002.  Staples denies the remaining allegation contained in Paragraph 10 of the Complaint.

     11.    Staples admits that Plaintiff received a performance evaluation for the period of February 1, 2002 through January 31, 2003 and that she received an overall performance appraisal rating of 2.252.  Staples further admits that the evaluation is dated March 7, 2003.  Staples denies the remaining allegation contained in Paragraph 11 of the Complaint.

---

[1] Plaintiff's Complaint does not contain a paragraph 6.  In order to avoid confusion, Staples has simply mirrored the numbering scheme of the Complaint.

12. Staples admits that Plaintiff informed Deborah Harder that she was pregnant. Staples has insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Staples admits that Plaintiff took a leave of absence in connection with her pregnancy and that she received short term disability benefits from August 25 through November 22, 2003. Staples has insufficient knowledge to admit or deny the remaining allegations contained in Paragraph 13 of the Complaint.

14. Staples has insufficient knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Staples admits the allegations contained in Paragraph 15 of the Complaint.

16. Staples admits that Scott Kerrigan, a male, was hired on a temporary basis to assist with Plaintiff's job duties while she was on a leave of absence. Staples denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Staples admits that Plaintiff was given a memorandum dated December 11, 2003 concerning her job duties and that Plaintiff refused to sign the memorandum. Staples further states that the memorandum speaks for itself and denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Staples has insufficient knowledge to admit or deny the allegations contained in Paragraph 18 of the Complaint.

19. Staples admits that Plaintiff's husband addressed a letter to Ronald Sargent, President and Chief Executive Officer of Staples, dated January 15, 2004, and further states that the letter speaks for itself. Staples denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Staples admits that on or about January 21, 2004 Plaintiff met with Human Resources to discuss her husband's January 15 letter. Staples has insufficient knowledge to admit or deny whether Plaintiff was surprised. Staples denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Staples admits that it conducted an investigation regarding allegations raised by January 15, 2004 letter from Peter Kovac. Staples denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Staples admits that on or about March 8, 2004, it hired Scott Kerrigan for a newly-created and posted position as a Claims Manager. Staples further admits that Plaintiff now reports to Scott Kerrigan. Staples denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Staples admits that on or about March 10, 2004 Plaintiff was issued a Performance Counseling Record and further states that the document speaks for itself. Staples denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Staples denies the allegations contained in Paragraph 24 of the Complaint.

25. Staples denies that it has discriminated against Plaintiff in any way, and states that it has insufficient knowledge to admit or deny the allegations as to Plaintiff's beliefs described in Paragraph 25 of the Complaint.

## COUNT 1
(<u>Violations of the Americans with Disabilities Act</u>)

26. Paragraph 26 of the Complaint is a statement of incorporation to which no response is required.

27. To the extent Paragraph 27 of the Complaint purports to state a legal conclusion, no response is required. To the extent that it contains factual allegations, Staples denies the allegations contained therein.

28. To the extent Paragraph 28 of the Complaint purports to state a legal conclusion, no response is required. To the extent that it contains factual allegations, Staples denies the allegations contained therein.

29. To the extent Paragraph 29 of the Complaint purports to state a legal conclusion, no response is required. To the extent that it contains factual allegations, Staples denies the allegations contained therein.

30. Staples denies the allegations contained in Paragraph 30 of the Complaint.

31. Staples denies the allegations contained in Paragraph 31 of the Complaint.

32. Staples denies the allegations contained in Paragraph 32 of the Complaint.

33. Staples denies the allegations contained in Paragraph 33 of the Complaint.

COUNT 2
Violations of the Title VII of the Civil Rights Act of 1964 (Sex Discrimination)

34. Paragraph 34 of the Complaint is a statement of incorporation to which no response is required.

35. To the extent Paragraph 35 of the Complaint purports to state a legal conclusion, no response is required. To the extent that it contains factual allegations, Staples denies the allegations contained therein.

36. Staples denies the allegations contained in Paragraph 36 of the Complaint.

37. Staples denies the allegations contained in Paragraph 37 of the Complaint.

38. Staples denies the allegations contained in Paragraph 38 of the Complaint.

39. Staples denies the allegations contained in Paragraph 39 of the Complaint.

## COUNT 3
### Violations of the Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act
(Retaliation)

40. Paragraph 40 of the Complaint is a statement of incorporation to this no response is required.

41. To the extent Paragraph 41 of the Complaint purports to state a legal conclusion, no response is required. To the extent that it contains factual allegations, Staples denies the allegations contained therein.

42. To the extent Paragraph 42 of the Complaint purports to state a legal conclusion, no response is required. To the extent that it contains factual allegations, Staples denies the allegations contained therein.

43. Staples denies the allegations contained in Paragraph 43 of the Complaint.

44. Staples denies the allegations contained in Paragraph 44 of the Complaint.

45. Staples denies the allegations contained in Paragraph 45 of the Complaint.

46. Staples denies the allegations contained in Paragraph 46 of the Complaint.

## COUNT 4
### Violations of the Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Act of 1978 and the Family Medical Leave Act

47. Paragraph 47 of the Complaint is a statement of incorporation to which no response is required.

48. To the extent Paragraph 48 of the Complaint purports to state a legal conclusion, no response is required. To the extent that it contains factual allegations, Staples denies the allegations contained therein.

49. To the extent Paragraph 49 of the Complaint purports to state a legal conclusion, no response is required. To the extent that it contains factual allegations, Staples denies the allegations contained therein.

50. Staples denies the allegations contained in Paragraph 50 of the Complaint.

51. Staples denies the allegations contained in Paragraph 51 of the Complaint.

52. Staples denies the allegations contained in Paragraph 52 of the Complaint.

53. Staples denies the allegations contained in Paragraph 53 of the Complaint.

COUNT 5
Violations of Chapter 151B of the Massachusetts General Laws
(Disability Discrimination)

54. Paragraph 54 of the Complaint is a statement of incorporation to which no response is required.

55. To the extent Paragraph 55 of the Complaint purports to state a legal conclusion, no response is required. To the extent that it contains factual allegations, Staples denies the allegations contained therein.

56. Staples denies the allegations contained in Paragraph 56 of the Complaint.

57. Staples denies the allegations contained in Paragraph 57 of the Complaint.

58. Staples denies the allegations contained in Paragraph 58 of the Complaint.

59. Staples denies the allegations contained in Paragraph 59 of the Complaint.

COUNT 6
Violations of the Chapter 151B of Massachusetts General Laws
(Sex Discrimination)

60. Paragraph 60 of the Complaint is a statement of incorporation to which no response is required.

61. To the extent Paragraph 61 of the Complaint purports to state a legal conclusion, no response is required. To the extent that it contains factual allegations, Staples denies the allegations contained therein.

62. Staples denies the allegations contained in Paragraph 62 of the Complaint.

63. Staples denies the allegations contained in Paragraph 63 of the Complaint.

64. Staples denies the allegations contained in Paragraph 64 of the Complaint.

65. Staples denies the allegations contained in Paragraph 65 of the Complaint.

COUNT 5 [sic][2]
Violations of Chapter 151B of Massachusetts General Laws
(Retaliation)

66. Paragraph 66 of the Complaint is a statement of incorporation to which no response is required.

67. To the extent Paragraph 67 of the Complaint purports to state a legal conclusion, no response is required. To the extent that it contains factual allegations, Staples denies the allegations contained therein.

68. Staples denies the allegations contained in Paragraph 68 of the Complaint.

69. Staples denies the allegations contained in Paragraph 69 of the Complaint.

70. Staples denies the allegations contained in Paragraph 70 of the Complaint.

71. Staples denies the allegations contained in Paragraph 71 of the Complaint.

ADDITIONAL DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred to the extent that she fails to set forth a prima facie case of employment discrimination on the basis of gender or disability.

---

[2] Plaintiff's Complaint contains two counts labeled "Count Five", although the paragraphs are sequentially numbered. Again, Staples has copied the numbering scheme in the Complaint.

3.   Plaintiff should be estopped from asserting some or all of the claims set forth in her Complaint.

4.   Without conceding that Plaintiff suffered any damages as a result of any purportedly wrongful act of Defendant, Plaintiff failed to mitigate her damages.

5.   Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory and non-retaliatory reasons.

6.   Defendant complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under M.G.L. c. 151B, the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964, as amended, and the Family Medical Leave Act (FMLA).

7.   Plaintiff is barred from raising a claim of handicap or disability discrimination under M.G.L. c. 151B and the ADA because Defendant afforded reasonable accommodation(s) to Plaintiff.

8.   Plaintiff's claims are barred in whole or in part because she was an at-will employee and, therefore, had no contract of employment or right to continued employment with Defendant.

9.   Plaintiff fails to state a claim for retaliation because she did not engage in any protected activity as defined by M.G.L. c. 151B, the ADA, or the FMLA.

10.   Plaintiff fails to state a claim for retaliation because Defendant had no knowledge of Plaintiff's protected activity.

11.   To the extent that Plaintiff's claims are based on alleged disparate treatment, Plaintiff fails to compare herself to a similarly situated employee.

12. Plaintiff is barred from raising a claim of handicap or disability discrimination under M.G.L. c. 151B and the ADA because Plaintiff is not a qualified handicapped/disabled person.

13. Plaintiff is not entitled to recover punitive or exemplary damages since Defendant cannot be vicariously liable for discriminatory employment decisions of its managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws prohibiting employment discrimination.

14. Defendant is not responsible for the acts of employees which were outside the course and/or scope of its duties to which those employees were assigned, including intentional acts and/or criminal acts not taken in furtherance of Defendant's objectives.

15. Plaintiff's Complaint fails to set forth facts sufficient to constitute a claim for exemplary or punitive damages.

16. Plaintiff cannot recover damages as alleged, or any such damages recovered must be reduced, because Plaintiff caused or contributed to such damages by initiating the actions alleged to have caused her damages.

## RESERVATION OF RIGHTS CLAUSE

Staples reserves its right to amend its answers and to assert any additional affirmative defenses as may become available or apparent during the course of discovery in this case.

WHEREFORE, Staples prays that the Court enter judgment:

1. dismissing the Complaint on the merits and with prejudice;

2. granting to Defendant its costs, including attorneys' fees, incurred in this action;

and

3. granting to Defendant further relief as the Court may deem just and proper.

Respectfully submitted,

STAPLES, INC.

By its Attorney(s),

//s// Krista Pratt
Ariel D. Cudkowicz (BBO # 550577)
Krista G. Pratt (BBO # 644741)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:   (617) 946-4800
Facsimile:    (617) 946-4801

DATED: January 20, 2005